Cory G. Lee, Esq. (SBN 216921)
**The Downey Law Firm, LLC** (*Of Counsel*)
P.O. Box 1021
Unionville, PA 19375
Tel:    (610) 324-2848
Fax:    (610) 813-4579
Email: downeyjusticelee@gmail.com

Attorneys for Plaintiff and the proposed Class

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LUIS AGUILAR, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>        Plaintiff,<br><br>   v.<br><br>WAWONA FROZEN FOODS; WAWONA EXPORT; WAWONA PACKING CO. LLC., and DOES 1-50, inclusive,<br>        Defendants. | Case No.:<br><br>**Collective Class Action Complaint For Violations of Federal Fair Labor Standards Act, 29 U.S.C. § 216(b), and Rule 23 Class Action Complaint For Violations of California Labor Code and Wage Orders, and California Business and Professions Code § 17200, *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, on behalf of himself and all other similarly situated individuals, upon information and belief and the investigation of counsel, alleges as follows:

### JURISDICTION

   1.  This Court is vested with original jurisdiction over Plaintiff's claims under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b) and because Plaintiff raises a federal question pursuant to 28 U.S.C. § 1331.

   2.  This Court is empowered with supplemental jurisdiction over Plaintiff's pendant state law claims.  28 U.S.C. § 1367.

   3.  Venue is proper in this federal jurisdiction pursuant to 28 U.S.C. § 1391 (a) and (c) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district and because Defendant resides within this judicial district in that Defendant regularly conducts business within the District and is subject to personal jurisdiction within this judicial district.

- 1 –

**INTRODUCTION**

4.     This is a class action against Wawona Frozen Foods, Wawona Export, Wawona Packing Co. LLC. and Does 1-50 (collectively "Wawona" or "Defendants") to challenge their policy and practice of requiring their non-exempt employees to work substantial amounts of time without pay and failing to provide their non-exempt employees with the meal and rest periods to which they are entitled by law at their plant(s) in California.

5.     Plaintiff and Class Members are non-exempt, hourly employees.  Under Defendants' wage compensation system, Defendants do not pay Plaintiff and Class Members for all required pre- and post-shift work activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing SG, waiting in line to sanitize, waiting to punch-in/out.

6.     The time that Defendants require their employees to work without compensation is substantial, and deprives Plaintiff and Class Members of many hours' worth of wages (both straight-time and overtime) per week.  Further Plaintiff and Class Members are not afforded with legally compliant meal and rest breaks on shifts of 10 hours or less.  Similarly, if Plaintiff and Class Members work in excess of ten hours, they are not afforded a second off-duty 30-minute meal period as required by California law.

7.     As a result of these violations, Defendants are also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq.*

8.     Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties.  Plaintiff further seek penalties, on behalf of himself and the proposed California-law Class, for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below.  Plaintiff also seeks declaratory and injunctive relief, including restitution.  Finally, Plaintiff seeks reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

**PARTIES**

9.     Plaintiff, Luis Aguilar, was employed by Defendants at their Clovis, California facility within the statutory period in this case.  Plaintiff is a resident of Fresno County, California.

10.     Defendant, Wawona Frozen Foods, is a California corporation, and at all times relevant to this complaint has been, upon information and belief, a food processor in Fresno County, California.

11.     Defendant, Wawona Export, is a California corporation, and at all times relevant to this complaint has been, upon information and belief, a food processor in Fresno County, California.

12.     Defendant, Wawona Packing Co. LLC., is a California Limited Liability Company, and at all times relevant to this complaint has been, upon information and belief, a food processor in Fresno County, California.

13.     The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiff, who therefore sues the Doe Defendants by fictitious names.  Plaintiff is informed, believes, and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff's and the Class' damages as herein alleged.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

14.     At all relevant times, upon information and belief, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class Members in this judicial district.  At all relevant times, Defendants have exercised control over the wages, hours and/or working conditions of Plaintiff and Class Members, suffered or permitted Plaintiff and Class Members to work, and/or engaged Plaintiff and Class Members, thereby creating a common law employment relationship. Defendants are "persons" as defined in California Labor Code §18 and California Business and Professions Code § 17201.  Defendants are also "employers" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

**FACTUAL ALLEGATIONS**

15.     The policies and practices of Defendants, including failure to pay for all hours worked, the failure to pay overtime wages, failure to afford legally-compliant meal and rest periods, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar for Plaintiff and Class Members.

16.     Pursuant to state and federal regulations and Defendants' own internal policies and procedures, Plaintiff and Class Members are required to wear SG to prevent cross-contamination of the food product manufactured by Defendants.  Mandatory SG includes, *inter alia*, plastic aprons, smocks, plastic arm sleeves, plastic and/or cloth gloves, hairnets, goggles, and other protective equipment and coverings.  The SG is designed to protect the consuming public from illness due to human-borne cross-contaminants that might be passed-on to food product were the required SG not worn.

17.     At the beginning of each work day, prior to the start of paid time, Plaintiff and Class Members spend substantial amounts of time engaged in pre shift work activities relating to compliance with Wawona's Good Manufacturing Practices ("GMP") and Sanitation Standard Operating Procedures ("SSOP").  As a result of the various work activities which must be performed prior to the start of paid time, employees regularly are forced to arrive at the plant well before the start of their shifts and are not credited for all time spent working on behalf of Defendants.

18.     Plaintiff and Class Members were purportedly provided ten-minute rest periods;  as Defendants required Plaintiff and Class Members to perform donning, doffing and sanitizing work during their rest periods, however, Plaintiff and Class Members did not in fact receive ten minutes free of work activities.  Additionally, Defendants continued to exercise control over Plaintiff and Class Members during rest periods.  Therefore, Plaintiff and Class Members were not afforded legally-compliant ten-minute rest periods.

19.     Defendants uniformly failed to afford Plaintiff and Class Members the opportunity to take duty-free 30-minute meal periods as Defendants required Plaintiff and Class Members to

perform donning, doffing and sanitizing work during their 30-minute meal breaks, thus the 30

minute meal breaks were not in fact duty-free as required by law. Additionally, Defendants

continued to exercise control over Plaintiff and Class Members during meal periods. Therefore,

Plaintiff and Class Members were not afforded legally-compliant 30-minute meal periods.

20.     Defendants also did not afford Plaintiffs and Class Members with an opportunity to

take a second, off-duty 30-minute meal period on shifts of ten hours or longer.

21.     At the end of the day – and after the conclusion of paid time by Defendants –

Plaintiff and Class Members also were required to engage in GMP and SSOP work activities

without pay.

22.     Defendants' unlawful conduct has been widespread, repeated, and willful

throughout their California facility(ies). Defendants knew, or should have known, that their

policies and practices have been unlawful and unfair.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this case as a class action on behalf of himself and all others

similarly situated pursuant to Federal Rule of Civil Procedure 23(a), *et seq*. The Rule 23 Class

that Plaintiff seeks to represent for Defendants violation of California law is defined as follows:

All individuals who are currently employed, or formerly have been employed, as

nonexempt hourly employees at Defendants' food processing facilities in California, at any time

within four years prior to the filing of the original complaint until resolution of this action.

24.     The class that Plaintiff seeks to represent for violations of the FLSA is defined as

follows:

All individuals who are currently employed, or have formerly been employed, as

nonexempt hourly employees at Defendants' food processing facilities in California, at any time

within three years prior to the filing of the original complaint until resolution of this action.

25.     This action has been brought and may properly be maintained as a class action

under both Fed.R.Civ.P 216(b) and Fed.R.Civ. P 23 because there is a well defined community of

interest in the litigation, the proposed class is easily ascertainable, and common questions predominate over any questions that may affect individual class members.

26. Questions of law and fact common to the Class include, but are not limited to, the following:

    i. Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the wages they are owed in violation of the California Labor Code;

    ii. Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the overtime wages they are owed in violation of the California Labor Code;

    iii. Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the overtime wages they are owed in violation of Business and Professions Code § 17200 *et seq*.;

    iv. Whether Defendants, through their policy of requiring employees to, *inter alia*, don SG and sanitize during meal periods, resulted in a failure to afford Plaintiffs and Class Members with duty-free 30-minute meal periods in violation of the California Labor Code;

    v. Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid work time resulted in Plaintiff and Class Members not being afforded their first meal period within 5 hours of the start of work activities and their second meal period within 10 hours of the start of work activities;

    vi. Whether Defendants pay, work and meal- and rest-period policies were in violation of Business and Professions Code § 17200 *et seq*.;

- 6 –

vii.     Whether Defendants, through their policy of not affording Plaintiff and Class Members a second 30-minute meal period on shifts of ten hours, or longer, violated the California Labor Code;

viii.    Whether Defendants, through their policy of not affording Plaintiff and Class Members ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work violated the California Labor Code;

ix.      Whether Defendants, through their policy of requiring their non-exempt hourly employees to work in excess of ten hours per day without affording a second 30-minute meal period, failed to afford Class Members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 *et seq.*;

x.       Whether Defendants, through their policy of requiring their non-exempt hourly employees to work in excess of five hours per day without affording a duty-free 30-minute meal period, failed to afford Class Members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 *et seq.*;

xi.      Whether Defendants, through their policy of requiring their non-exempt hourly employees to don and doff SG and sanitize during their rest periods, failed to afford Plaintiff and Class Members the opportunity to take duty-free ten-minute rest periods is in violation of the California Labor Code;

xii.     Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work during rest periods, violated Business and Professions Code § 17200 *et seq.*;

xiii.    Whether Defendants' systemic failure to afford Plaintiff and Class Members off-duty meal periods and rest periods was an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

xiv.   Whether Defendants' policy and practice of failing to pay Class Members all wages due upon the end of their employment violated the California Labor Code;

xv.   Whether Defendants' policy of failing to record all hours worked, and failing to record and compensate non-compliant meal and rest periods, resulted in Plaintiff and Class Members being paid with non-complaint wage statements in violation of the California Labor Code; and

xvi.   Whether Defendants' policy and practice of failing to pay Class Members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*

xvii.   Whether Defendant by requiring its employees to perform substantial amounts of uncompensated work fails to pay Plaintiff and Class members for all of the overtime wages they are owed in violation of the UCL and FLSA.

xviii.   Whether Defendant through its policy of requiring its employees to perform substantial amounts of work during their thirty minute meal breaks fails to provide plaintiffs and class members *bona fide* meal breaks in violation of the FLSA.

27.   Typicality:  Plaintiff's claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

28.   Adequacy of Representation:  Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions.

- 8 –

1   Plaintiff will fairly and adequately represent and protect the interests of Class Members.

2         29.     Superiority of Class Action:  A class action is superior to other available means for

3   the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is

4   not practicable, and questions of law and fact common to the Class predominate over any

5   questions affecting only individual Class Members.  Each Class Member has been damaged and is

6   entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action

7   treatment will allow those similarly situated persons to litigate their claims in the manner that is

8   most efficient and economical for the parties and the judicial system.

9   **FIRST CAUSE OF ACTION**

10   **Failure to Pay Minimum Wages**

11   **(Against All Defendants)**

12         30.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

13   forth herein.

14         31.     From at least the last four years prior to the filing of this complaint to the present,

15   Defendants, and each of them, employed Plaintiff and Class Members as nonexempt hourly

16   employees.

17         32.     During the period beginning from at least four years prior to the filing of this

18   complaint to the present, Defendants, and each of them, paid Plaintiff and Class Members less

19   than the applicable minimum wage for all hours worked.

20         33.     Pursuant to Labor Code §§ 510, 558, 1194 and 1198, Wage Order No. 8-2001

21   and/or other applicable Wage Orders, and 8 CCR §11080, Defendants, and each of them, were

22   obligated to pay Plaintiff and Class Members at least the minimum wage of $8.00 per hour for all

23   hours worked during the period beginning from at least four years prior to the filing of this

24   complaint to present.

25         34.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover

26   unpaid minimum ages, subject to proof at trial, plus interest at the legal rate (Civil Code §§ 3287

27   and 3289) and attorneys' fees and costs.

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Aguilar v. Wawona Frozen Foods, *et al.*

35. Pursuant to Labor Code §1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in the amount of unpaid minimum wages proved at trial plus interest thereon.

36. Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

37. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Failure to Compensate for All Hours Worked

### (Against All Defendants)

38. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

39. California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

40. Plaintiff and the Class were required by Defendants to work without compensation for work they performed. Thus, Plaintiff and Class Members were forced to perform work for the benefit of Defendants without compensation.

41. In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiff and the Class with compensation for all time worked as required by California law. Defendants committed the acts alleged herein knowingly and

- 10 –

willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the Class.  Plaintiff and the Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

42.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.  Pursuant to Labor Code § 218.5 and 218.6, Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

43.    Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

44.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**
**(Against All Defendants)**

45.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

46.    California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be

- 11 –

compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

47.    The IWC Wage Order 8-2001(3)(A)(1), 8 Cal. Code Regs. §11080, states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible under [certain] conditions….

48.    California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

49.    California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

50.    Defendants' across-the-board policy of requiring Plaintiff and the Class to perform substantial uncompensated work has been unlawful. As a result of this unlawful policy, Plaintiff and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

51.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the

- 12 –

jurisdictional requirements of this Court.

52.     Defendants are liable to Plaintiff and the Class alleged herein for unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

53.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

### Failure to Provide Legally-Compliant Meal and Rest Periods

### (Against All Defendants)

54.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

55.     California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide meal and rest periods to their nonexempt, hourly employees.  Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

56.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

57.     Despite these requirements, Defendants have knowingly and willfully refused to

- 13 –

perform their obligations to afford Plaintiff and the Class an opportunity to take legally compliant meal and rest breaks.   Additionally, Defendants continued to exercise control over Plaintiff and Class Members during meal and/or rest periods.  Defendants have also failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest period that they were not afforded.  Defendants' conduct described herein violated California Labor Code §§226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiff and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

58.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

59.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**

**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

**(Against All Defendants)**

60.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

61.     Labor Code §201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

62.     Labor Code §202 provides:

If an employee not having a written contract for a definite period quits his or her

- 14 –

employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63.     Labor Code §203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

64.     Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them their unpaid wages.  Defendants have willfully refused, and continue to refuse, to pay Class Members all the wages that were due and owing them upon the end of their employment.  As a result of Defendants' actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

65.     Defendants' willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202.  As a result, Defendants are liable to Plaintiff and Class Members for all penalties owing pursuant to Labor Code §§201-203.

66.     Additionally, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

67.     Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

68.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

**California Wage Statement Class for Failure to Properly Itemize Pay Stubs**

**in Violation of California Labor Code §§226(a) and 226(e)**

**(Against All Defendants)**

69.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

- 15 –

70.     At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

> furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

71.     Plaintiff believes, and therefore alleges, that Defendants failed to furnish him, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation):  all the hours that Plaintiff (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked; and due and owing meal- and rest-period premiums.

72.     Plaintiff alleges that Defendants' failure to furnish him with proper itemized wage statements was done knowingly and intentionally, and that he (and others similarly-situated) suffered injury thereby.  Thus, under California Labor Code section 226(e), Plaintiff (and others similarly-situated) are "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

73.     Plaintiff is also entitled to, and seeks on behalf of himself and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

- 16 –

**SEVENTH CAUSE OF ACTION**

**Wage Deductions in Violation of Labor Code §§ 221-223 & 400-410, and Wage Order 8-2001**

**(Against All Defendants)**

74.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

75.     Defendants maintain a policy and practice of charging class members for the purported costs of the PPE that Defendants requires them to wear. Defendants' policy and practice of wage deductions also violates California Labor Code §§ 221-223 and §§ 400-410 (the "Employee's Bond Law"), because it impermissibly shifts the burden of Defendants' business losses and expenses onto the individual employees, regardless of whether and the extent to which the employee has any control over the loss or expense.

76.     Defendants' wage deductions also violate Section 8 of IWC Wage Order 8-2001, which provides as follows:

> No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.  Cal. Code Regs., tit. 8, §11080, subd. 8.

77.     California Labor Code § 2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

78.     Defendants are liable to Plaintiff and the Class, as alleged herein for amount of the wage deductions, with interest thereon. In addition, Labor Code § 225.5 provides civil penalties for each failure to pay each employee in violation of §§ 221 or 223 in the amount of $100 per initial violation, and in the amount of $200 plus 25 percent of the amount unlawfully withheld for each subsequent violation and for any willful or intentional violation.

79.     Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

80.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

- 17 –

**EIGHTH CAUSE OF ACTION**

**Violation of California Business and Professions Code §§17200, *et seq*.**

**(Against All Defendants)**

81.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

82.     California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

83.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

84.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

85.     Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

        a.     violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

        b.     violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

        c.     violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods; and

        d.     violations of Labor Code §§201-203.

86.     The violations of these laws and regulations, as well as of the fundamental

- 18 –

California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq.*

87.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

88.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

89.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

90.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

91.     Business and Professions Code § 17202 provides:  "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

92.     Plaintiff's success in this action will enforce important rights affecting the public

- 19 –

interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

93.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

94.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### NINTH CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201, *et seq.*

95.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

97.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.  Plaintiff asserts that the Defendants' refusal to pay for time worked was willful.

98.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, with relation to the Ninth Cause of Action, Plaintiff prays for the following relief against all Defendants:

- 20 –

A.      That this Court permits this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other similarly situated individuals at Defendant's California facilities;

B.      That this Court Order an accounting of lost wages for Plaintiffs;

C.      That this Court enjoins Defendants from continuing to commit unlawful practices related to wages at its California food processing facilities; and

D.      That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

**PRAYER FOR RELIEF AS TO THE FIRST THROUGH EIGHTH CAUSES OF ACTION**

WHEREFORE, with relation to the First through Eighth causes of action Plaintiff prays for relief as follows:

1.      Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2.      For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

3.      For a declaratory judgment that Defendants have violated Business and Professions Code §§17200 *et seq.* as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

4.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

5.      For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6.      For an order awarding Plaintiff and Class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

- 21 –

7.      For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8.      For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

9.      For all costs of suit; and

10.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

The Downey Law Firm, LLC

_____
Cory Lee
*Of Counsel*
Counsel for the Plaintiff and the putative class

Dated:  January ___, 2015

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled

3

to a jury.

4

5

Respectfully submitted,

6

The Downey Law Firm, LLC

7

_____

8

Cory Lee

*Of Counsel*

9

Counsel for the Plaintiff and the putative class

10

Dated:  January ___, 2015

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Aguilar v. Wawona Frozen Foods, *et al.*