UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS AGUILAR, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WAWONA FROZEN FOODS, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-00093-DAD-EPG<br><br>ORDER DENYING MOTION FOR TRIAL PLAN<br><br>(Doc. No. 55) |

　　　　On February 17, 2016, defendants submitted a motion seeking an order requiring plaintiffs to submit a trial plan. (Doc. No. 55.) On April 5, 2016, plaintiffs filed their opposition to that motion. (Doc. No. 58.) Defendants filed a reply on April 12, 2016. (Doc. No. 74.) Because the court finds that resolution of this motion will not benefit from oral argument, *see* Local Rule 230(g), the April 19, 2016 hearing is vacated in light of this order.

　　　　In their motion defendants requested that the court issue an order requiring plaintiffs to submit a detailed trial plan with their motion for class certification. Defendants argue that plaintiff's trial plan should include: 1) an explanation of how the membership of the class will be established; 2) an explanation of how liability will be established; 3) an explanation of how defendants will have an opportunity to present their liability defenses; 4) an explanation of how damages will be calculated; 5) a witness list and summary of the expected testimony of any trial witnesses; 6) proposed jury instructions; and 7) a proposed verdict form.

1

1         At the outset, the court notes that no class has yet been certified in this action and the date
2   for plaintiffs' filing of a class certification motion is currently set for July 19, 2016. (Doc. No.
3   60.) Phase I discovery is anticipated to close on July 8, 2016. (Doc. No. 60.) Plaintiffs note in
4   their opposition to the pending motion that they "simply will not be in possession of all of the
5   evidence on merits and damages at the conclusion of class discovery to file a trial plan." (Doc.
6   No. 58 at 1.) Were the court to require the filing of a trial plan with the class certification motion,
7   plaintiffs insist they must be allowed to engage in merits discovery simultaneously with class
8   certification discovery, rather than the bifurcated discovery procedure that has been established in
9   this action. (Doc. No. 58 at 12–13.)

10        Defendants have cited no binding authority suggesting a trial plan must be filed at this
11  stage in a class action. *See In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 580 (C.D. Cal. 2014)
12  ("[T]he Ninth Circuit has held that '[n]othing in the Advisory Committee Notes [to Rule 23]
13  suggests grafting a requirement for a trial plan onto the rule.'") (quoting *Chamberlan v. Ford
14  Motor Co.*, 402 F.3d 952, 961 n. 4 (9th Cir. 2005)); *Tschudy v. J.C. Penney Corporation, Inc.*,
15  No. 11CV1011 JM (KSC), 2015 WL 5098446, at *7 (S.D. Cal. Aug. 28, 2015) ("[Defendant] did
16  not mention the need for a trial plan at class certification, and the Federal Rules and the Ninth
17  Circuit do not require one.") More importantly, defendants have presented no persuasive
18  argument that it would be prudent or wise for the court to require plaintiffs to file such a detailed
19  trial plan at this early point in this particular litigation. To the extent defendants, through their
20  request, are preemptively arguing against class certification, the court declines to engage those
21  arguments at this time, since no class certification motion is yet before the court.

22        In support of their motion defendants rely primarily upon the California Supreme Court's
23  decision in *Duran v. U.S. Bank National Association*, 59 Cal. 4th 1 (2014). However, in that case
24  the California Supreme Court did not compel California courts to require a trial plan from class
25  action plaintiffs at the class certification stage. Rather, the California Supreme Court merely
26  stated:

27  > If statistical evidence will comprise part of the proof on class action
    > claims, the court *should consider* at the certification stage whether a
28  > trial plan has been developed to address its use. A trial plan

> describing the statistical proof a party anticipates will weigh in favor of granting class certification if it shows how individual issues can be managed at trial.  Rather than accepting assurances that a statistical plan will eventually be developed, trial courts *would be well advised* to obtain such a plan before deciding to certify a class action.  In any event, decertification must be ordered whenever a trial plan proves unworkable.

59 Cal. 4th at 31–32 (emphasis added).  At most, this passage from the decision in *Duran* stands as an admonition to California trial courts that it may be in their best interest to seek trial plans early, rather than risk being forced to decertify the class at a later stage in the proceedings.

Concerns about how the trial of the class action will be managed are, for obvious reasons, often best reserved until it becomes clear there may actually be a class action trial (i.e. after a class is certified).  They are normally, therefore, properly raised after significant merits-phase discovery has taken place.  *See Lyndell v. Synthes USA*, 1:11-cv-02053 LJO BAM, 2016 WL 74419, at *5-6 (E.D. Cal. Jan. 6, 2016) (denying defendant's motion to decertify class even though plaintiff had still not yet submitted a viable trial plan post-certification); *In re ConAgra Foods, Inc.*, 302 F.R.D. at 580 ("Thus, if at some point [the court] determines that some or all of plaintiffs' classes can be certified, it will direct plaintiffs to submit a trial plan for its consideration. . . .  Because the court is not in a position to certify classes now, it need not address the question of a trial plan in any greater detail at this time."); *Oregon-Laborer's Employers Health & Welfare Trust Fund v. Philip Morse, Inc.*, 188 F.R.D. 365, 369 (D. Or. 1998) ('[T]his court concludes that a ruling on plaintiffs' motion to certify is appropriate without awaiting the completion of briefing on dispositive motions and without requiring plaintiffs to present a class action trial plan.").  Accordingly, the court agrees with plaintiffs that defendants' request for a detailed trial plan is premature at this juncture in this case.

For the reasons set forth above, defendants' motion for an order requiring plaintiffs to submit a detailed trial plan with their motion for class certification (Doc. No. 55) is denied at this

/////
/////
/////
/////

time without prejudice.  The previously noticed April 19, 2016 hearing on defendants' motion is vacated.

IT IS SO ORDERED.

Dated: __**April 15, 2016**__  _____
UNITED STATES DISTRICT JUDGE