Robert W. Sink, Esq. (*pro hac vice*)
**LAW OFFICES OF ROBERT W. SINK**
1800 J.F.K. Boulevard, 14th Floor
Philadelphia, PA 19103
Tel:    (215) 995-1000
Fax:    (215) 475-4600

Philip A. Downey, Esq. (*pro hac vice*)
Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel:    (213) 291-3333
Fax:    (610) 813-4579

Attorneys for Plaintiffs and the Classes

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LUIS AGUILAR and VIDA RAMOS, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>                    Plaintiffs,<br><br>   v.<br><br>WAWONA FROZEN FOODS, and DOES 1-50, inclusive,<br>                    Defendant.<br>_____ | Case No.:  1:15-cv-00093<br><br>**PLAINTIFFS' NOTICE OF MOTION FOR ATTORNEYS' FEES, EXPENSES, INCENTIVE AWARDS, AND ADMINISTRATION EXPENSES**<br><br>**HEARING DATE:  May 16, 2017**<br>**TIME:  9:30 a.m.**<br><br>**Hon. Dale Drozd** |

## NOTICE OF MOTION

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on May 16, 2017 at 9:30 a.m., or as soon

thereafter as counsel may be heard in the above-entitled court, located at 2500

Tulare Street, Sixth Floor, Courtroom 10, Fresno, California 93721, Plaintiffs, LUIS

- 1 –

AGUILAR and VIDA RAMOS, will and hereby do move the Court for an order

final approval to a class action settlement.

This motion is based on the attached Memorandum of Points and Authorities,

declarations, all pleadings and materials on file in this action, and upon such other

matters as may be presented to the Court before or at the time of the hearing.

Dated:  April 18, 2017          **LAW OFFICES OF ROBERT W. SINK**


/s/Robert W. Sink
Robert W. Sink, Esq. (admitted *pro hac vice*)
rsink@sinklawoffices.com
**LAW OFFICES OF ROBERT W. SINK**
1800 J.F.K. Blvd., 14th Floor
Philadelphia, PA 19103
Tel: 215-995-1000 | Fax: 215-475-4600

Philip A. Downey, Esq. (admitted *pro hac vice*)
downeyjustice@gmail.com
Cory G. Lee, Esq. (SBN 216921)
downeyjusticelee@gmail.com
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Boulevard, 9th Floor
Beverly Hills, CA 90212
Tel:  213-291-3333 | Fax:  610-643-4352

Attorneys for Plaintiffs and the Classes

- 2 –

Robert W. Sink, Esq. (*pro hac vice*)
**LAW OFFICES OF ROBERT W. SINK**
1800 J.F.K. Boulevard, 14th Floor
Philadelphia, PA 19103
Tel:    (215) 995-1000
Fax:    (215) 475-4600

Philip A. Downey, Esq. (*pro hac vice*)
Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel:    (213) 291-3333
Fax:    (610) 813-4579

Attorneys for Plaintiffs and the Classes

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LUIS AGUILAR and VIDA RAMOS, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WAWONA FROZEN FOODS, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.:  1:15-cv-00093<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES I.S.O. MOTION FOR ATTORNEYS' FEES, EXPENSES, INCENTIVE AWARDS, AND ADMINISTRATION EXPENSES**<br><br>**HEARING DATE:  May 16, 2017**<br>**TIME:  9:30 a.m.**<br><br>**Hon. Dale Drozd** |

- 1 –

# I.   INTRODUCTION

Plaintiffs brought this class action to secure important workplace protections for current and former employees of Wawona Frozen Foods. Despite the risk and uncertainty associated with litigating the claims, Plaintiffs secured a $4,500,000 non-reversionary settlement that will provide timely monetary relief to 4,557 workers.

Having obtained valuable relief for the Classes, Plaintiffs seek an award of attorneys' fees in the amount of $1,500,000, or one-third of the total non-reversionary settlement fund. The requested award is fair, reasonable, and appropriate under the California and Ninth Circuit common fund doctrines in light of the favorable results obtained by Plaintiffs' Counsel, the complexities of the litigation, and the contingent risk assumed by Plaintiffs' Counsel.

In addition to attorneys' fees, Plaintiffs' Counsel also seek reimbursement for their litigation costs and expenses. These costs and expenses were incurred in connection with the prosecution and settlement of the action and are thus reimbursable.

Lastly, Plaintiffs move for Class Representative Incentive Awards of $7,500, each, for putting the interests of the Class ahead of their own, for investing considerable time and effort in assisting in the prosecution of this action, for assuming the risk of being branded "litigious" by future prospective employers, and

- 1 –

1  for providing Defendant general releases that are much broader than the releases

2  required of Class Members.

3

4      For the reasons set forth in greater detail below, Plaintiffs respectfully submit

5  that the requested attorneys' fees, costs and expenses, and incentive awards are fair

6  and reasonable, and should be approved.

7

## II.  STATE LAW DETERMINES CLASS COUNSEL'S RIGHT TO FEES, AND METHOD OF CALCULATING THEM, FOR THE RULE 23 CLASS'S STATE LAW CLAIMS.

8

9

10

11      Regarding the Rule 23 Class's claims, which were made purely under state

12  law, "[e]xisting Ninth Circuit precedent has applied state law in determining not

13  only the right to fees, but also in the method of calculating the fees." *Mangold v.*

14  *California Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995); *see also*

15

16  *Emmons v. Quest Diagnostics Clinical Lab.*, No. 1:13-cv-00474-DAD-BAM, 2017

17  WL 749018 (E.D.Cal. 2017) ("In a diversity action such as this, federal courts apply

18  state law both to determining the right to fees and the method of calculating them.")

19

20  Here, the common fund for the Rule 23 Class's claims consists of 95% of the

21  $4,500,000 settlement (*i.e.*, $4,225,000).  (Doc. 70-1 at 12 of 28)  Plaintiffs' request

22  for attorneys' fees in the amount of 33⅓ % of the Rule 23 common fund is

23

24  reasonable and commensurate with percentages awarded in similar California state

25  court cases.  Recently, the California Supreme Court held:

26

27      We join the overwhelming majority of federal and state courts in

28

holding that when class action litigation establishes a monetary fund for the benefit of the class members, and the trial court in its equitable powers awards class counsel a fee out of that fund, the court may determine the amount of a reasonable fee by choosing an appropriate percentage of the fund created. The recognized advantages of the percentage method—including relative ease of calculation, alignment of incentives between counsel and the class, **a better approximation of market conditions in a contingency case**, and the encouragement it provides counsel to seek an early settlement and avoid unnecessarily prolonging the litigation (See pt. I, *ante; Lealao, supra,* 82 Cal.App.4th at pp. 48–49, 97 Cal.Rptr.2d 797; *Rawlings v. Prudential–Bache Properties, Inc., supra,* 9 F.3d at p. 516)—convince us the percentage method is a valuable tool that should not be denied our trial courts.

*Laffitte*, 1 Cal.5[th] at 573 (emphasis supplied).  California courts have routinely awarded attorneys' fees of one-third of a common fund in wage-and-hour class action cases such as this.  *See, e.g., Laffitte v. Robert Half Intern. Inc.* (2016) 1 Cal5th 480 (upholding $19,000,000 settlement and 33⅓% attorneys' fee award), *Bonilla v Fresh Express*, Monterey County Superior Court Case No. M120347 (2013) (awarding fees and costs of 33% of a settlement of $2,000,000.00.  That litigation resolved before formal discovery was undertaken), *Denno and Sidhu v. GMRI, Inc. (Red Lobster Restaurants)* (2007) Sacramento Superior Court Case No. 04A504294 (approving $6,000,000 settlement and 33% attorneys' fee request in

- 3 –

overtime class action); *Miles, et al. v. Kaiser Foundation Hospital* (2006) Los Angeles County Superior Court Case No. BC 34535 (approving $6,510,000 settlement and 33% attorneys' fee request in overtime class action); *Espinoza, et al. v. National Beef Packers, et al.* (2010) Imperial County Superior Court Case No. ECU 04675 (approving $3,250,000 settlement and 33% attorneys' fee request in wage-and-hour class action); *Salcido, et al. v. Cargill Meat Solutions, et al.* (E.D.Ca, Fresno Division 2009) C.A. No. 1:07-cv-01347 (approving $7,500,000 settlement and 33% attorneys' fee request in wage-and-hour class action); and *Gutierrez v. Zacky Farms, LLC* (2011) Fresno County Superior Court Case No. 10CECG00771 AMS (approving $3,250,000 settlement and 33% attorneys' fee request in a wage-and-hour class action).

The requested contingency fee percentage (33⅓%) is well within the range for contingency fee contracts found in the marketplace, and in-line with attorneys' fees awarded in the numerous California wage-and-hour class actions cited above. "Notably, while the California Supreme Court recognized the Ninth Circuit's 25 percent benchmark for percentage awards in common fund cases, it did not adopt such a benchmark for California cases." *Emmons*, 2017 WL 749018 at *7.

"The California Supreme Court suggested considerations of the risks and potential value of the litigation, the contingency, novelty, and difficulty of the litigation, the skill shown by counsel, and a lodestar cross-check were all appropriate

- 4 –

means of discerning an appropriate percentage award in a common fund case."

*Emmons, supra*.  Here, the hard-fought efforts of Class Counsel resulted in a

settlement of $4,500,000 that vindicated the rights of over 4,500 workers.  *See, e.g.,*

*Emmons, supra* (this Court awarded attorneys' fees of one-third of the common fund

where "Plaintiffs attorneys also successfully vindicated the rights of over two

thousand workers and secured more than $2 million in relief.")  Thus, the efforts of

Class Counsel have resulted in a substantial benefit conferred upon Class Members.

Additionally, Class Counsel were precluded from other work while litigating

this complex case.  Class Counsel extensively reviewed, over 50,000 pages of

documents, including thousands of pages of data, company policies, employee

handbooks, training materials, timekeeping data, and payroll data.  Sink Decl. 5.

Additionally, the depositions of the Named Plaintiffs, Defendants' former human

resources director, and Defendants' former production supervisor were conducted.

*Id*.  Plaintiffs' Counsel also spent days interviewing numerous Class Members about

facts relating to this case.  *Id*.  Moreover, Plaintiffs' Counsel conducted significant

legal research regarding the strengths of weakness of the Plaintiffs' claims based on

the information adduced during discovery and their own investigation.  *Id*. ¶ 4.  *See,*

*e.g., Emmons, supra* (this Court awarded attorneys' fees of one-third of the common

fund where "absent successful resolution, none of this attorney time would have

been compensated.")

– 5 –

This case was litigated on a contingent basis with all of the concomitant risk factors inherent in such an uncertain undertaking.  Had Class Counsel not been successful, the hundreds of hours devoted to this case would have been for naught, and would not have produced any fee or reimbursement of expenses.  This substantial risk is the reason that the courts approve the use of the percentage method when a common fund is created by the efforts of Class Counsel, and further underscores the reasonableness of Plaintiffs' fee request.  Indeed, the percentage method often offsets tremendous losses contingency agreement attorneys suffer in other cases.  *See, e.g., Emmons, supra* (this Court awarded attorneys' fees of one-third of the common fund where "this litigation was pursued purely on a contingency-fee basis.")  For the foregoing reasons, Plaintiffs' request for percentage fee of 33⅓% is reasonable and should be approved.

The California Supreme Court has explicitly stated that a lodestar cross-check of a requested percentage fee is not necessary:  trial courts "…retain the discretion to forgo a lodestar cross-check and use other means to evaluate the reasonableness of a requested percentage fee." *Laffitte*, 1 Cal.5[th] at 506. Nevertheless, Plaintiffs' request for attorneys' fees of $1,500,000 is also reasonable under a lodestar analysis.  "Under this approach, the lodestar is calculated by multiplying the reasonable hours expended by a reasonable hourly rate.  The court may then enhance the lodestar with a multiplier, if appropriate." *Wershba v. Apple Computer,*

*Inc.* (2001) 91 Cal.App.4th 224, 254 (citations omitted).

First, the hourly rates of Class Counsel are reasonable.  In *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 43, 452-53 (E.D.Cal. 2013), the district court found that an hourly rate of $720 was reasonable for an attorney with 21 years of experience in the Eastern District of California.  Additionally, the Superior Court of California, County of Santa Clara recently found that an hourly rate of $826 for Mr. Sink, and $685 for Mr. Lee, was reasonable.  *See* 1/17/2017 Order, pp. 3-4, attached as Ex. C to Sink Decl.  Nonetheless, Mr. Sink, who has over twenty-two years of experience, has been billed at an hourly rate of $695.  Sink Decl. ¶¶ 16, 17.  Mr. Downey, who has over 18 years of experience, has been billed at an hourly rate of $615.  Downey Decl. ¶ 7.  Mr. Lee, who has over 14 years of experience, has been billed at an hourly rate of $495.  *Id*.

Mr. Downey expended 876.8 hours on this case, Mr. Sink expended 679.1 hours on this case, and Mr. Lee expended 147.3 hours on this case.  Sink Decl. ¶ 16, Downey Decl. ¶ 6 (Time Summaries are attached as Ex. C. to Downey Decl. and Ex. D to Sink Decl.).  Thus, the lodestar cross-check equals $1,084,120.  "Beyond simply the multiplication of a reasonable hourly rate by the number of hours worked, a lodestar multiplier is typically applied."  *Emmons, supra*.  "Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation." *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal.

– 7 –

1995) (citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla.

1988)); *see also* 4 NEWBERG ON CLASS ACTIONS § 14.7 (courts typically

approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even

higher, and "the multiplier of 1.9 is comparable to multipliers used by the courts");

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341

(3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in

common fund cases when the lodestar method is applied.") (quoting NEWBERG).

Here, a lodestar cross-check reflects a multiplier of 1.38, which is on the low end of

acceptable potential modifiers.  Accordingly, a lodestar cross-check, while not

required by *Laffitte, supra*, confirms the reasonableness of the requested fee.

### III.   CLASS COUNSEL'S FEE REQUEST WITH REGARD TO THE FLSA CLASS RECOVERY IS ALSO REASONABLE.

Under the percentage-of-recovery method, federal courts typically calculate

25% of the fund as a benchmark for a reasonable fee award.  *See In re Bluetooth*

*Headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9th Cir.2011)  ("courts typically

calculate 25% of the fund as the 'benchmark' for a reasonable fee award").  "Small

cases tend to have fees above the 25% benchmark in California."  *Miller v. CEVA*

*Logistics USA, Inc.*, 2015 WL 4730176 *8 (E.D.Cal. 2015) citing *Craft v. County of*

*San Bernardino,* 624 F.Supp.2d 1113, 1127 (C.D.Cal.2008) (holding that attorneys'

fees for mega fund cases are typically under the 25% benchmark and cases below

- 8 –

$10 million are often more than the 25% benchmark).  "California district courts usually award attorneys' fees in the range of 30–40% in wage and hour class actions that result in the recovery of a common fund under $10 million." *Id*. citing *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 491–92 (E.D.Cal.2010) (citing to five recent wage and hour cases where federal judges approved fee awards ranging from 30% to 33% and approving percentage of the fund award of 33% to class counsel); *Singer,* 2010 WL 2196104, at *8 (approving attorneys' fees of 33.33% of the common fund and holding this award is similar to awards in three other wage and hour class actions where fees ranged between 33.3% and 40%); *Romero v. Producers Dairy Foods, Inc.,* 2007 WL 3492841, at *1–4 (E.D.Cal.2007) (approving award of 33% of common fund).

When assessing the reasonableness of a fee award under the common fund theory, courts consider, *inter alia,* "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Technologies,* 559 F.Supp. 1036, 1046 (N.D.Cal. 2008) (citing *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048–50 (9th Cir.2002)).  Here, Plaintiff's request for attorneys' fees of one-third of the common fund recovered for the FLSA Class (*i.e.*, 5% of the settlement, or $225,000) is reasonable when considering the above factors.

– 9 –

### A.     The Results Achieved.

The result achieved here – which was overwhelmingly supported by the Class – strongly supports Class Counsel's request for an award of attorneys' fees in the amount of one-third of the common fund.   Importantly, Class Counsel's opinion regarding this result has been resoundingly affirmed by the reaction of the Class: not a single Class Member objected to the Settlement or Class Counsels' requested fee.

Additionally, the amount recovered per Class Member further underscores the outstanding result achieved by Class Counsel.   Here, a $4,500,000 gross settlement amount for approximately 4,557 individuals (*i.e.*, an average of $625 per individual hourly worker) supports a departure from the 25% benchmark.   District Courts have found that far lesser recoveries per class member support an upward departure from the 25% benchmark.   *See, e.g., Hightower v. JPMorgan Chase Bank, N.A.*, 2015 WL 9664959, * 10 (C.D.Cal.2015).   ("$12 million net settlement amount for approximately 145,000 individuals [(*i.e.*, an average of $83 per individual hourly worker)], in light of the risks of further litigation … support a departure from the 25% benchmark.").   Based on the foregoing, the result achieved by Class Counsel justifies a fee award of one-third of the common fund.

### B.     The Risk of Litigation.

- 10 –

The risk of litigation also supports a fee award of one-third of the FLSA common fund.  Although Plaintiffs believe that, if this case did not settle, the Court would certify the Classes, Plaintiffs still would face the risk that the Court might agree with all or part of Defendant's opposition to class certification.  The Parties engaged in more than a year-and-a half of contentious litigation before reaching the Settlement.[1]  Without the Joint Stipulation, continued litigation would likely require additional discovery, including additional depositions, preparation of expert reports, expert depositions, preparation of motions for summary judgment, preparation of a motion for class certification, and perhaps trial.  (Sink Decl. ¶ 10)  If this case were to go to trial, it is estimated that the fees and costs would easily add up to millions of dollars.  (*Id.*)  In addition to such expenses, without the Settlement, Plaintiffs run the risk of the Court denying class certification and the Classes receiving nothing at all.  Simply stated, the significant risk of litigation here justifies Plaintiff's request for a fee award of one-third of the common fund.

**C.      The Skill Required and the Quality of Work.**

The skill required and the quality of work performed also support Plaintiffs' fee request.  Class Counsel have successfully litigated numerous wage-and-hour class actions in California.[2]  Plaintiffs note that Defendant was represented by

---

[1]      Sink Decl. ¶ 3.

[2]      Sink Decl. ¶ 2, Downey Decl. ¶ 2 .

– 11 –

experienced and skilled lawyers from a law firm with a deserved reputation for vigorous advocacy in the defense of complex employment class action cases.  Class Counsel's ability to obtain the Settlement against sophisticated legal opposition confirms the quality of Class Counsel's representation of Plaintiffs and the Classes. The quality of opposing counsel is important in evaluating the quality of Class Counsel's work.  *See, e.g., In re Equity Funding Corp. Sec. Litig.,* 438 F.Supp. 1303, 1337 (C.D.Cal.1977).  Simply put, the skill, tenacity and quality of work by Class Counsel on behalf of the Class fully supports Plaintiffs' fee request.

### D.    The Contingent Nature of the Fee.

The contingent nature of the fee also supports an award of attorneys' fees of one-third of the common fund.  In *Hightower, supra,* the Court observed that "any 'law firm undertaking representation of a large number of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources' 'with the very real possibility of an unsuccessful outcome and no fee recovery of any kind.'"  *Hightower*, 2015 WL 9664959 at *10 citing *Vizcaino*, 290 F.3d at 1051 ("attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose.").  The risk of no recovery for the Classes and Class Counsel was very real.  Therefore, this factor further

- 12 –

supports Class Counsel's request for an award of attorneys' fees of one-third of the FLSA common fund.

### E.     Awards Made in Similar Cases.

A fee award of 33.33% requested here is consistent with awards granted in other wage and hour class actions in California federal courts. *See, e.g., Emmons v. Quest Diagnostics Clinical Lab.*, No. 1:13-cv-00474-DAD-BAM, 2017 WL 749018 (E.D.Cal. 2017) (awarding one third of $2,350,000 common fund)*, Ingalls v. Hallmark Mktg. Corp.*, 08cv4342 VBF, Doc. No. 77, ¶ 6 (C.D.Cal. Oct. 16, 2009) (awarding 33.33% fee on a $5.6 million wage and hour class action); *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856 (C.D.Cal.2008) (awarding 34% of common fund in attorneys' fess in wage and hour class action settlement); *Hightower v. JPMorgan Chase Bank, N.A.*, 2015 WL 9664959 (C.D.Cal.2015) (finding that attorneys' fees award of 30% of the settlement fund was appropriate in wage and hour class action settlement; *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431 (E.D.Cal.2013) (finding that attorneys' fees award of 33% of the settlement fund was appropriate in wage and hour class action settlement); *Garcia v. Gordon Trucking, Inc.,* No. 1:10–CV–0324 AWI SKO, 2012 WL 5364575 (E.D.Cal. Oct. 31, 2012) (court approving attorneys' fees in the amount of 33 percent of the common fund); *Vasquez v. Coast Valley Roofing,* 266 F.R.D. 482 (E.D.Cal.2010) (wage-and-hour action putative class-action settlement where court

- 13 –

approved award of attorneys' fees in the amount of 33.3 percent of the common fund); *Benitez v. Wilbur,* No. 1:08–cv–01122 LJO GSA, Doc. No. 52 (E.D.Cal., Dec. 15, 2009) (awarding 33.3 percent of the benefit to the class in attorneys' fees); *Chavez v. Petrissans,* Case No. 1:08–cv–00122 LJO GSA, Doc. No. 89 (E.D.Cal. Dec. 15, 2009) (court approved awards of attorneys' fees of 33.3 percent of the common fund); *Romero v. Producers Dairy Foods, Inc.,* No. 1:05–cv–0484–DLB, 2007 WL 3492841, at *4 (E.D.Cal. Nov. 14, 2007) (class-action settlement where court approved attorneys' fees in the amount of 33 percent of common fund); *Randall Willis et al. v. Cal. Western Transport and Earl Baron et al. v. Cal Western Transport* (consolidated cases), No. 1:00–cv–05695–AWI–LJO (E.D.Cal. Aug. 20, 2003) (court approved attorneys' fees in the amount of 33.3 percent of the settlement amount); *Birch v. Office Depot, Inc.*, Case No. 06cv1690 DMS (WMC), Doc. No. 48, ¶ 13 (S.D.Cal. Sept. 28, 2007) (awarding a 40% fee on a $16 million wage and hour class action); *Rippee v. Boston Mkt. Corp.*, Case No. 05cv1359 BTM (JMA), Doc. No. 70, at 7–8 (S.D.Cal. Oct. 10, 2006) (awarding a 40% fee on a $3.75 million wage and hour class action).  In light of awards made in similar cases, Plaintiffs' fee request is reasonable.

### F.  Plaintiff's Fee Request is Also Reasonable Under the Lodestar Cross-Check.

In the interest of brevity, Plaintiffs incorporate Section II, above, regarding a lodestar cross-check herein.

- 14 –

## IV.    PLAINTIFFS' COSTS ARE REASONABLE.

Plaintiffs' litigation expenses are also reasonable.  Prevailing parties may recover, as part of statutory attorneys' fees, "litigation expenses … when it is 'the prevailing practice in a given community' for lawyers to bill those costs separate from their hourly rates."  *Trs. Of the Constr. Indus. And Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir.2006) (citation omitted).  In Southern California, attorneys are reimbursed for out-of-pocket expenses "such as '1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees.'"  *Johnson v. General Mills, Inc.*, No. 10-00061-CJC, 2013 U.S. Dist. LEXIS 90338, *20-21 (C.D.Cal. June 17, 2013) quoting *In re Immune Response Sec. Litig.*, 497 F.Supp. 1166, 1177 (S.D.Cal.2007).  The Law Offices of Robert W. Sink incurred costs in the amount of $15,685.56 to prosecute this case.  Sink Decl. ¶18.  The Downey Law Firm incurred costs in the amount of $33,852.70 to prosecute this case. Downey Decl. ¶ 6.  Here, Plaintiff's request for reimbursement of expenses in the of $49,538.26 as well as the $50,000 cost of administration of the Settlement by Rust Consulting (Schwartz Decl. ¶ 16), is reasonable and should be granted.

## V.    INCENTIVE AWARDS.

- 15 –

Plaintiff's request for an incentive award of $7,500 each for Luis Aguilar and Veda Ramos is also reasonable and should be approved.  When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vraken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299 (N.D.Cal.1995).

In this case, the Class Representatives assisted Class Counsel by searching for documents, providing written discovery responses and helping to locate witnesses. Aguilar Decl. ¶ 8; Ramos Decl. ¶ 8.  Class Representatives also communicated extensively with Class Counsel and reviewed numerous documents with Counsel. *Id*.  Aguilar prepared for, traveled to, and attended two depositions.  Aguilar Decl. ¶ 8.  Ramos prepared for, traveled to, and attended one deposition.  Ramos Decl. ¶ 8. Ramos spent approximately 36 hours engaging in activities as a Named Plaintiff. Ramos Decl. 8.

Moreover, both Class Representatives faced "reputational risk" by stepping forward on behalf of the Class.  Aguilar Decl. ¶ 9; Ramos Decl. ¶ 9.  Additionally,

- 16 –

both Class Representatives signed a general release, which was broader than the release for other Class Members.  Aguilar Decl. ¶ 10; Ramos Decl. ¶ 10.

Both Class Representatives understand that the Settlement is not contingent upon them getting a $7,500 Incentive Award.  Aguilar Decl. ¶ 11; Ramos Decl. ¶ 11.  Class Representatives also understand that the Joint Stipulation states that Counsel may apply for Incentive Awards of up to $7,500, and that the Court will enter an award that it believes is just.  *Id.*  Neither Class Counsel – nor anyone else – has promised Class Representatives that they will receive any particular amount as an Incentive Award.  *Id.*  In the Ninth Circuit, a $5,000 incentive award is presumed to be reasonable.

## VI.   CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for an award of attorneys' fees of $1,500,000, reimbursement of expenses of $49,538.26 to Class Counsel, reimbursement of expenses of $50,000 to the claims administrator, and an incentive award of $7,500 to each of the Class Representatives.

Dated:  April 18, 2017          **LAW OFFICES OF ROBERT W. SINK**


/s/Robert W. Sink
Robert W. Sink, Esq. (admitted *pro hac vice*)
rsink@sinklawoffices.com
**LAW OFFICES OF ROBERT W. SINK**

– 17 –

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1800 J.F.K. Blvd., 14th Floor
Philadelphia, PA 19103
Tel: 215-995-1000 | Fax: 215-475-4600

Philip A. Downey, Esq. (admitted *pro hac vice*)
downeyjustice@gmail.com
Cory G. Lee, Esq. (SBN 216921)
downeyjusticelee@gmail.com
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Boulevard, 9th Floor
Beverly Hills, CA 90212
Tel: 213-291-3333 | Fax: 610-643-4352

Attorneys for Plaintiffs and the proposed Classes

- 18 –

Robert W. Sink, Esq. (*pro hac vice*)
**LAW OFFICES OF ROBERT W. SINK**
1800 J.F.K. Boulevard, 14th Floor
Philadelphia, PA 19103
Tel:   (215) 995-1000
Fax:   (215) 475-4600

Philip A. Downey, Esq. (*pro hac vice*)
Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel:   (213) 291-3333
Fax:   (610) 813-4579

Attorneys for Plaintiffs and the proposed Class

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LUIS AGUILAR and VIDA RAMOS, on behalf of themselves and on behalf of all other similarly situated individuals, | Case No.:  1:15-cv-00093 |
| Plaintiffs, | **CLASS ACTION** |
| v. | **PROOF OF SERVICE** |
| WAWONA FROZEN FOODS; and DOES 1-50, inclusive, | |
| Defendants. | |

I, Robert W. Sink, declare, under penalty of perjury, that on this day the foregoing Plaintiffs' Notice of Motion and Memorandum of Points and Authorities I.S.O. the Notice of Motion for Attorneys' Fees, Expenses, Incentive Awards, and Administrative Expenses and Declarations were served upon the following counsel of record via E.C.F.:

Howard Sagaser, Esq.
Ian Wieland, Esq.
SAGASER, WATKINS & WIELAND, PC
7550 N. Palm Ave., Ste. 100
Fresno, CA 93711

**LAW OFFICES OF ROBERT W. SINK**

- 1 –

1

_____
Robert W. Sink, Esq. (*pro hac vice*)
1800 J.F.K. Boulevard, 14th Floor
Philadelphia, PA 19103
Tel:   (215) 995-1000
Fax:   (215) 475-4600

Philip A. Downey, Esq. (*pro hac vice*)
Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel:   (213) 291-3333
Fax:   (610) 813-4579

Attorneys for Plaintiffs and the Classes

April 19, 2016

- 2 –