Howard A. Sagaser, State Bar No. 72492
Ian B. Wieland, State Bar No. 285721
**SAGASER, WATKINS & WIELAND, PC**
7550 North Palm Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Attorneys for Defendant, WAWONA FROZEN FOODS

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS AGUILAR and VIDA RAMOS, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>WAWONA FROZEN FOODS, WAWONA EXPORT, WOWONA PACKING CO., LLC and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 1:15-CV-00093<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 16, 2017<br>Time: 9:30 a.m.<br>Judge: Hon. Dale A. Drozd |

This matter came before the Court on May 16, 2017 for a hearing on both Plaintiffs' and Defendant's Motions for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Expenses, Incentive Awards, and Administration Expenses. Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, and having received no objections to the settlement, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED AS FOLLOWS:

1. Defendant's Motion for Final Approval of Class Action Settlement is GRANTED.

2. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, the Court finds that the requirements of Rule 23 have been

---
**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

012797.00002 - 166189.1

1  satisfied.

2  3. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action Settlement and Release, together with the definitions and terms used and contained therein.

4. This settlement includes each of the 5,628 class members who worked as hourly, non-exempt employees for Defendant between January 20, 2011 and September 11, 2016. Each of the 5,628 class members expressly waive any and all claims against Defendant pursuant to the settlement.

5. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. The Court finds that the settlement was reached following meaningful discovery and investigation conducted by legal counsel for the Parties; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate and reasonable.

6. The Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

7. The Court hereby approves the settlement as set forth in the Joint Stipulation of Class Action Settlement and Release and expressly finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provision of the Joint Stipulation and Class Action Settlement and Release. The Court also finds that settlement now, which includes each of the 5,628 class members who worked as hourly, non-exempt employees for Defendant between

January 20, 2011 and September 11, 2016, will avoid additional and potential substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate this case. Such will not be the case if the final class action settlement is limited to 4,557 Class Members because more than 1,000 employees who were employed as hourly, non-exempt employees for Defendant during the relevant time period will have non released claims against Defendant. Under that scenario, additional and potential substantial litigation costs would be almost certain and Defendant would be deprived of a full release of claims of all hourly, non-exempt employees who worked for it between January 20, 2011 and September 11, 2016, which Defendant bargained for by agreeing to pay the agreed-upon settlement amount.

8. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

9. Defendant has paid $2,225,000 towards the agreed-upon settlement amount. Pursuant to Section 5 – Plan of Settlement Fund Allocation of the Joint Stipulation of Class Action Settlement and Release, Defendant must pay an additional $2,225,000, which is the balance of the settlement amount, by no later than April 30, 2018. Under Section 5 of Joint Stipulation of Class Action Settlement and Release, the Parties agreed that Defendant would make two payments of $2,225,000. Plaintiffs' counsel forgot to account for an additional $50,000 in the agreements they prepared.

10. The Court finds that the claims administration expenses are fair and reasonable. Thus, the Court approves payment of $50,000 to Rust Consulting, Inc.

11. The Court approves payment of $7,500 to the LWDA as fair and reasonable.

12. The Court approves the acceptance of all late FLSA opt-ins as of this date.

13. Defendant shall pay the 5,628 class members pursuant to the procedure described

in the Settlement Agreement.

14. This Order is the Final Judgment as to all 5,628 class members' released claims.

15. Without affecting the finality of this Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all 5,628 class members, for purposes of enforcing the terms of the Order and Judgment entered herein.

The above dates are **SO ORDERED**.

**BY THE COURT**.

_____
Honorable Dale A. Drozd
United States District Judge

---

4
**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

012797.00002 - 166189.1